UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

FILED

JAMES ERNEST FRYE JUNIOR,

    Petitioner,

-vs-

WARDEN FCC COLEMAN-USP II

    Respondent.

2011 JUN 13  AM 11: 42

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

Case No. 5:11-cv-242-Oc-17TBM

PETITIONERS PLEADING IN RESPONSE
TO COURTS ORDER TO SHOW CAUSE
_____

    NOW COMES petitioner JAMES ERNEST FRYE JUNIOR, pro se, with the response to this Honorable Courts Order to show cause why the petition for Writ of Habeas Corpus initiated by the petitioner should not be dismissed after petitioner failed to pay the required filing fee or request to proceed in forma pauperis within thirty (30) days from the commencement of this action.

    Petitioner is a pro se litigant who is not familiar with the local Court rules, who while being held in FCC COLEMAN-USP II must have access to the law library to review the one copy of the local court rules that is available to the 1500 inmates held at this institution.

    The review of the local courts rule by petitioner has been further limited by the institutional lock down status FCC COLEMAN - USP II has been on for the majority 1/ of the last forty-five (45) days starting April 25, 2011 and ending June 8, 2011. During institutional lock down status NO law Library, NO phone, and NO e-mail use is available to inmates in this facility, including those inmates who are pro se, litigants. (see memorandum attached)

---

1/  There has only been a total of eight (8) days that the law library was open and accessible during the forty-five (45) days between April 25, 2011 and June 8, 2011, resulting in petitioner not ha- the full thirty (30) days from commencement of this action that is described in local rule 1.03 (e).

Because of the institutional lock down status of FCC COLEMAN-USP II and the resulting lack of petitioner's access to the law library and this Honorable Courts local rules, petitioner was unable to promptly comply with the local rules. Petitoner was forced by the institutional lock down to wait until notice from the Court was given via U.S. Mail to be advised when a local rule was not being followed.

Petitioner assures this Honorable Court that because the lock down has ended on June 8th, 2011, due dilligence will be exampled by the petitioner to insure all local rules will be promptly adhered to. This fact can be evidenced by petitioner causing the required fee to be sent to the Clerk of the court promptly upon the end of the lock down.

Petitioner Respectfully prays this Honorable Court consider the delaying effect of the institutional Lock down, this pro se petitioner's lack of expierence using this courts local rules, and the dilligenge shown by petitioner upon notice at the end of the Lock down, as well as petitioners assurance to this Honorable Court the due diligence will be promptly exercised in the future as satisfactory showing of cause why this case should not be dismissed.

Done this 9th day of June 2011

> Respectfully Submitted,
>
> I hereby do certify that pursuant to penalty of perjury Title 28 USC § 1746 on this 9th, day of June 2011 I signed and mailed this document via the United States Postal Service.
>
> James Ernest Frye Junior
> Register NO. # 98362-24
> Usp Colman II

**UNITED STATES GOVERNMENT**
# Memorandum
**FEDERAL BUREAU OF PRISONS**
Federal Correctional Complex
Coleman, FL  33521

June 9, 2011

**MEMORANDUM FOR CENTRAL FILE**

*Act for VM*

**FROM:** K. Cimock, K-L Unit Manager

**SUBJECT:** Inmate Frye, James
Register Number 98362-024

This is in response to your Inmate Request to Staff Member, receipted in this office on June 8, 2011. You have requested clarification regarding the dates you were confined to your cell within the housing unit.

On April 25, 2011, each was secured in their in their cell due to an institutional emergency. This was a non-punitive status. All necessities were provided by staff to the individual cells, except access to the law library. There were provided by staff to the individual cells. There were no limitations on personal property items imposed during this period of confinement. On May 4, 2011, the institution returned to normal operations.

 As well as on May 20, 2011, each inmate was secured in their cell due to an institutional emergency. This was a non-punitive status. All necessities were provided by staff to the individual cells. There were no limitations on personal property items imposed during this period of confinement. On June 7, 2011, the institution returned to normal operations.

## CERTIFICATE OF SERVICE

I, James Ernest Frye Jr., do hereby certify that a true and correct copy of Petitioner's response to the Courts order to show cause was placed in the legal mail at the prison mail room at FCC Coleman II, Postage pre-paid U.S. mail addressed to:

> Clerk of the U.S. District Court
> 207 N.W. 2nd Street, Room # 337
> Ocalla, Florida, 34475-6666

on this the ___9th___ day of ___June___, 2011.

> James Ernest Frye Jr.
> Reg. No. 98362-024
> P.O. Box 1034
> Coleman, FL. 33521-1034